UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| CHARLES ANTHONY WILLIAMS, JR., | CASE NO. 1:15-cv-00785-MJS (PC) |
|---|---|
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | **(ECF No. 1)** |
| JANELLE REYNOSO, et al., | **AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |
| Defendants. | |

Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge Jurisdiction. (ECF No. 5.) No other parties have appeared in the action. Plaintiff's complaint (ECF No. 1) is before the court for screening.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

## III.     PLAINTIFF'S ALLEGATIONS

Plaintiff's essential allegations are summarized as follows:

Plaintiff is currently incarcerated at Corcoran Substance Abuse Treatment Facility. On April 16, 2015, Defendant Garcia, a correctional officer, acted on the orders of Defendant Curtiss, a correctional lieutenant, and told Plaintiff that his requests to be housed with "an inmate with whom [he was] comfortable" would be denied.  When Plaintiff asked Curtiss for an explanation on April 23, Curtiss asserted that Plaintiff was trying to manipulate the housing assignment process in order to be celled with a transgender inmate whom staff believed to be Plaintiff's "girlfriend." Plaintiff alleges that other inmates in his facility are permitted to be housed with whomever they choose, and that Plaintiff will be forced to share a cell with inmates who are "inept or incongruous," or who are uncomfortable with Plaintiff's gender preferences and/or sexual orientation.  He alleges that such undesirable placements would have "the potential to create an unsafe living environment within the housing unit." Plaintiff complained about his housing restrictions to Defendant Associate Warden Reynoso and Defendant Correctional Captain Marsh.  Plaintiff does not elaborate on the conditions of his current housing placement.

## IV.     ANALYSIS

Plaintiff does not specify which constitutional standards Defendants' "egregious and ignominious" housing restrictions allegedly violate.  Construed liberally, however, his pleading could be characterized as an attempt to allege violations of the Eighth Amendment and the Equal Protection and Due Process clauses of the Fourteenth Amendment.

3

Because Plaintiff does not have a constitutional right to be housed with an inmate of his choice, and because there appears to be a rational basis for his housing restrictions, the Court will dismiss the complaint with leave to amend.

**A. Inmates Do Not Have a Right to Housing of Their Choice.**

Neither the Eighth nor the Fourteenth Amendment endows prisoners with a right to be housed in a particular part of the prison or with a particular inmate. See Meachum v. Fano, 427 U.S. 215, 224–25 (1976)(no liberty interest in placement in particular facility); Allen v. Figueroa, 56 F.3d 70, at *7 (9th Cir. 1995)(*unpublished disposition*)(no Eighth Amendment or Due Process right to be housed with inmate of one's choice); Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir. 1993)(no Due Process right to be housed with compatible inmate); Bjorlin v. Hubbard, No. CIV S-09-1793 2010 WL 457685, *1 (E.D.Cal. Feb. 4, 2010)(same).

"While the Eighth Amendment requires prison officials to provide prisoners with the basic human needs, including reasonable safety, it does not require that the prisoners be comfortable and provided with every amenity." Allen, 56 F.3d at *7 (citing Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)).  A housing assignment may be "restrictive and even harsh," but will not violate the Eighth Amendment unless it "either inflicts unnecessary or wanton pain or is grossly disproportionate to the severity of crimes warranting imprisonment." Rhodes v. Chapman, 452 U.S. 337, 348-349 (1981) (finding inmates had no constitutional right to be housed in single cells).  Only where prison officials knew or should have known that a housing assignment posed an excessive risk to an inmate's safety will placement with a particular inmate have constitutional implications. Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1050 (9th Cir. 2002); Cotta v. Cty. of Kings, -- F.Supp.3d --, at *7 (E.D. Cal. 2015).

The Due Process Clause also fails to protect an inmate's right to housing of his choice. "An inmate's liberty interests are sufficiently extinguished by his conviction" that the state may change his place of confinement without implicating the inmate's due process rights, even where the change results in more disagreeable conditions. Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985); Wilson v. Tilton, No. CIV S-07-1192 2009 WL 3246430, at *6 (E.D. Cal. Oct. 6, 2009).

Here, Plaintiff has no right to a particular housing arrangement, and the refusal to house him with someone with whom he shares interests or proclivities cannot be said to have inflicted unnecessary pain or disproportionate punishment. Nor does Plaintiff claim that his current housing arrangement is unconstitutional. Although Plaintiff observes that housing him with an incompatible cellmate could create an unsafe environment, he does not indicate that his present housing arrangement is actually unsafe or that prison staff have recklessly or knowingly celled him with someone dangerous. Therefore, the Court will dismiss Plaintiff's Eighth Amendment and Due Process claims.

**B. Plaintiff's Housing Restrictions Do Not Violate the Equal Protection Clause.**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir.2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir.2008); North Pacifica LLC v. City of

Pacifica, 526 F.3d 478, 486 (9th Cir.2008).  Plaintiff alleges that he was intentionally treated differently from inmates not in, or suspected of being in, relationships: he claims all other inmates are allowed to choose their cellmates, while he has been forbidden from doing so.  Because the differential treatment is not based on membership in a protected class, rational basis review applies. Village of Willowbrook v. Olech, 528 U.S. at 564.

Here, there appears to be a rational basis for the differential treatment.  Prisoner classification decisions take into account an "inmate's needs, interests, and desires," but are ultimately based on a combination of factors, including the institution's "security missions and public safety." Cal. Code Regs. tit. 15, § 3375(a).  Numerous criteria, including an inmate's sexual orientation, may warrant special placement. Cal. Code Regs. tit. 15, § 3375.2(b)(26).  Moreover, California law does not look favorably on inmates' sexual activity, even if it is consensual. See Cal. Code Regs. tit. 15, § 3007 (prohibiting inmate engagement in illegal sexual acts); Cal. Penal Code §§ 286(e), 288(e) (criminalizing sodomy and oral copulation by anyone "confined in any state prison"); People v. Santibanez, 91 Cal. App. 3d 287, 289 (Cal. Ct. App. 1979)(finding that "prisoners have no cognizable right to sexual privacy in a jail cell").  Thus, Defendants' refusal to house Plaintiff with a suspected partner appears to be rationally related to the legitimate interest in preventing criminal activity and/or ensuring inmate safety.

**V. CONCLUSION & ORDER**

Plaintiff's complaint does not state a claim for relief under the Eighth or Fourteenth Amendments.  Nevertheless, the Court will grant Plaintiff one opportunity to file an amended complaint alleging facts that would bring it within the pleading standards

outlined above. See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaint).  An amended complaint supersedes the prior complaint. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's signed first amended complaint (ECF No. 1) is DISMISSED for failure to state a claim upon which relief may be granted;

2. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his complaint filed May 22, 2015;

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order, and

4. If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated:   June 16, 2015              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE